IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


TANYA DENISE STEWART                                                                    PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 1:07cv1270WJG-JMR

JOHNNIE MAE PERRY; JACKSON COUNTY,
MISSISSIPPI; SINGING RIVER HOSPITAL
SYSTEMS; SINGING RIVER HOSPITAL;
OCEAN SPRINGS HOSPITAL; GREGORY
HORN, M.D.; OCEAN SPRINGS POLICE
DEPARTMENT; DEPARTMENT OF HEALTH
AND HUMAN SERVICES; HARRISON
COUNTY, MISSISSIPPI; DEPARTMENT OF
HEALTH AND HUMAN SERVICES;
DEANNA CHASE; LANA M. HODA; BILOXI
POLICE DEPARTMENT; HARRISON
COUNTY YOUTH COURT; MISSISSIPPI
FAMILY COURT; YOUTH COURT OF
HARRISON COUNTY, MISSISSIPPI;
MICHAEL D. WARD, YOUTH COURT
JUDGE; HERBERT WILSON, YOUTH
COURT PROSECUTOR; ANGELIQUE
WHITE, GUARDIAN AD LITEM                                                              DEFENDANTS


MEMORANDUM OPINION


THIS MATTER is before the Court on the motion to dismiss [32] pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Ocean Springs Police Department [OSPD]. The OSPD filed its motion to dismiss contending that the Plaintiff, Tanya Denise Stewart, cannot state a claim against the OSPD as it not a legal entity. (Ct. R., Doc. 33, p. 1.) In addition, the OSPD argues that any claims against OSPD should be asserted against the City of Ocean Springs, with service of process made on either the Mayor or the City Clerk. (*Id*., p. 2.) Neither

of these individuals have been served with process as of the date of the filing of the motion to dismiss. (*Id.*) Accordingly, OSPD contends that the claims against it should be dismissed. (*Id.*, p. 3.)

Stewart contends that the OSPD refused to file a police report in connection with Stewart's allegations surrounding the birth of her child at the Ocean Springs Hospital. (Ct. R., Doc. 39, pp. 34-35.) She claims that the OSPD told her she would have to file a report in the jurisdiction where she lived (Biloxi), but that the Biloxi Police Department told her she would have to file a report in the jurisdiction of the alleged crime, which in this case would be Ocean Springs. (*Id.*) Stewart seeks a recovery of $10,000.00 in damages from the OSPD. (*Id.*, p. 35.)

The capacity of an entity such as the OSPD to sue or be sued "shall be determined by the law under which it was organized." FED. R. CIV. P. 17(b). Under Mississippi law, a city's police department is not considered to be an entity separate from the city. MISS CODE ANN. § 21-17-1. Because the OSPD is not a legal entity separate from the City of Ocean Springs, the OSPD is not a proper party to this lawsuit. *See Darby v. Pasadena Police Dep't.*, 939 F.2d 311, 313 (5th Cir. 1991) (discusses Texas law). Because there is no indication that the OSPD enjoys a separate legal existence, the Court concludes that OSPD is not a proper party to this lawsuit, and should be dismissed from this case.

## Conclusion

The Court finds that Defendant OSPD's motion to dismiss [32] Plaintiff's claims against the it should be granted. The Court concludes that the Plaintiff's claims against the OSPD should be dismissed with prejudice. A separate Judgment in conformity with and incorporating by

reference the foregoing Memorandum Opinion shall issue.  Each party shall bear their respective costs.

  THIS the 4th day of September, 2008.


              *Walter J. Gex III*
            UNITED STATES SENIOR DISTRICT JUDGE