IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TANYA DENISE STEWART                                                              PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 1:07cv1270WJG-JMR

JOHNNIE MAE PERRY; JACKSON
COUNTY, MISSISSIPPI; SINGING RIVER
HOSPITAL SYSTEMS; SINGING RIVER
HOSPITAL; OCEAN SPRINGS HOSPITAL;
JOSEPH P. VICE, M.D.; GREGORY HORN,
M.D.; DEPARTMENT OF HEALTH AND
HUMAN SERVICES, JACKSON COUNTY;
HARRISON COUNTY, MISSISSIPPI;
DEPARTMENT OF HEALTH AND HUMAN
SERVICES, HARRISON COUNTY; FAMILY
AND CHILDREN SERVICES; DEANNA
CHASE; LANA M. HODA; BILOXI POLICE
DEPARTMENT; HARRISON COUNTY
YOUTH COURT, MISSISSIPPI; FAMILY
COURT, YOUTH COURT OF HARRISON
COUNTY, MISSISSIPPI; MICHAEL H.
WARD, YOUTH COURT JUDGE; HERBERT
WILSON, YOUTH COURT PROSECUTOR;
ANGELIQUE WHITE, GUARDIAN
AD LITEM                                                                         DEFENDANTS

O R D E R

THIS MATTER comes before the Court the motion [26] of the Plaintiff, Tanya Denise Stewart, for entry of default against Johnnie Mae Perry.  Stewart seeks an entry of default against Perry and "request custody of my child, Brendon Francis Perry, rendered invalid, and full custody of said child returned to his birth mother, Tanya Denise Stewart."  (Ct. R., Doc. 26.)

The federal courts have a long standing policy of abstaining from the exercise of jurisdiction in cases involving child custody under the domestic relations exception which deprives this Court of subject matter jurisdiction over that claim.  *See Ankenbrandt v. Richards*, 504 US. 689 (1992) (domestic relations exception divests federal courts of power to issue divorce, alimony and child custody decrees); *Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077 (5th Cir. 1990).  Accordingly, the Court will refrain from ordering an entry of default against Perry in light of the fact that Stewart is seeking to gain custody of her child from Perry.  The Court will dismiss any claims against Perry without prejudice because the domestic relations exception divests this Court of subject matter jurisdiction over that claim.  It is therefore,

ORDERED AND ADJUDGED that the motion for entry of default [26] be, and is hereby, denied.  It is further,

ORDERED AND ADJUDGED that all claims advanced by Plaintiff against Johnnie Mae Perry be, and are hereby, dismissed with prejudice.  It is further,

ORDERED AND ADJUDGED that each party bear their respective costs associated with this motion.

SO ORDERED AND ADJUDGED, this the 16th day of September, 2008.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE