IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TANYA DENISE STEWART                                                                            PLAINTIFF

VERSUS                                                          CIVIL ACTION NO. 1:07cv1270WJG-JMR

JACKSON COUNTY, MISSISSIPPI, *et al.*                                                  DEFENDANTS

MEMORANDUM OPINION

THIS MATTER is before the Court on motion [35] of Defendants Gregory Horn, M.D., and Joseph P. Vice, M.D., to dismiss pursuant to Federal Rules of Civil Procedure 12(b) and Mississippi Code Annotated §§15-1-36(15) and 11-1-58.  According to Horn and Vice, Plaintiff Tanya Denise Stewart is required under Mississippi law to provide notice to these Defendants prior to filing suit for medical negligence.  (Ct. R., Doc. 35, p. 2.)  In addition, under Mississippi law, a certificate must accompany a complaint for medical malpractice which states that the plaintiff has consulted a qualified expert and based on that consultation, establishes there is a reasonable basis for the commencement of such action, according to the Defendants.  (*Id*.)  No such certificate accompanies the Complaint in this case.  (*Id*.; Ct. R., Doc. 1.)  Finally, these Defendants maintain that the Complaint makes no reference to any negligence on their part, and fails to make reference to these Defendants at all, and includes no issues to be decided in regard to these Defendants in this lawsuit.  (*Id*., p. 3.)

According to the Complaint in this matter, Plaintiff indicates that her claim against the Defendants is that her right to due process was violated under the color of law when the "listed defendants conspired against the plaintiff with malicious intent to obfuscate the wrongful

abduction of plaintiff's newborn child." (Ct. R., Doc. 1, p. 1.)  The prayer for relief seeks return of the child, Brandon Francis Perry, to his birth parents, Peter Kelly, Jr., and Tanya Denise Stewart; dismissal of kidnaping charges against Kelly and Stewart; and refund of legal expenses and bail monies paid by Kelly and Stewart.  (*Id*., p. 3.)  No specific allegations are advanced against Horn or Vice in the Complaint.  (Ct. R., Doc. 1.)

## Discussion

The Court liberally construes a plaintiff's *pro se* pleadings and legal arguments.  *See Haines v. Kerner*, 404 U.S. 519, 521 (1978); *Securities & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993).  In order to survive a motion to dismiss brought under Rule 12(b)(6), the plaintiff must provide the basis for her claims for relief with some factual specificity.  *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007).  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002); FED. R. CIV. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief .... " FED. R. CIV. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz,* 534 U.S. at 512.  "[T]he liberal pleading standard [however] . . . applies only to a plaintiff's factual allegations." *Neitze v. Williams,* 490 U.S. 319, 330 n. 9 (1989).

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States.  *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994).  To state a claim under section 1983, a plaintiff must allege facts that show the following:  (1) she has been deprived of a right "secured

by the Constitution and the laws of the United States" and (2) that the deprivation occurred under color of state law.  *See Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.,* 180 F.3d 234, 241 (5th Cir. 1999).  Section 1983 only covers constitutional injuries caused by persons acting under color of state law.  *Dahl v. Akin,* 630 F.2d 277, 281 (5th Cir. 1980).  Thus, when defendants, such as Horn and Vice, are private individuals, the alleged unconstitutional conduct must be "fairly attributable to the state."  *Lugar v. Edmonson Oil Co.,* 457 U.S. 922, 937 (1982).

According to the allegation in Plaintiff's response to the motions to dismiss filed in this case, Horn charged Tricare for the delivery of her child, even though Vice delivered the child.  (Ct. R., Doc. 39, p. 14.)  Vice allegedly administered medication and was present at the baby's delivery.  (*Id*., pp. 1-2.)  Horn allegedly told Stewart her child tested positive for cocaine while Stewart was in the delivery room.  (*Id*., p. 3.)  Stewart contends she denied the use of narcotics and asked to be tested on the spot.  (*Id*., p. 4.)  Instead, she was tested several days later after receiving pain medication from the hospital.  (*Id*., p. 5.)  There does not appear to be a claim for medical negligence advanced in this lawsuit.  (*Id*.)

None of the allegations in the Complaint or in the response to the motions to dismiss establish a section 1983 claim against Horn or Vice.  The Court, therefore, concludes that the motion to dismiss Plaintiff's claims under section 1983 against Horn and Vice should be granted.

It is unclear exactly what state law claims Plaintiff advances against these Defendants and whether those claims are viable under the circumstances presented in this case is also unclear.  It is well recognized, however, that if a federal claim against a party is dismissed before trial, the pendent state law claim often should be dismissed as well.  *See United Mine Workers v. Gibbs*,

383 U.S. 715, 726 (1966); 28 U.S.C. § 1367(c). Accordingly, this Court finds that the doctrines of federalism and comity persuade this Court to decline an exercise of supplemental jurisdiction over the state law claims that remain in this lawsuit. *See Certain Underwriters at Lloyd's, London, et al. v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006). The Court concludes, without addressing the merits of such, and with deference to Plaintiff's pro se status, that any state law claims should be dismissed without prejudice.

<u>Conclusion</u>

The Court finds that Defendants motion to dismiss [35] Plaintiff's section 1983 claims against Horn and Vice should be granted. In addition, any state law claims advanced against these Defendants should be dismissed without prejudice. A separate Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue. Each party shall bear their respective costs relative to this motion.

THIS the 24th day of October, 2008.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE