IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TANYA DENISE STEWART                                                                          PLAINTIFF

VERSUS                                                      CIVIL ACTION NO. 1:07cv1270WJG-JMR

JACKSON COUNTY, MISSISSIPPI; *et al.*                                                  DEFENDANTS

MEMORANDUM OPINION

THIS MATTER is before the Court on motion [30] of Defendants Mississippi Department of Human Services [MDHS], Division of Family and Children Services for the Mississippi Department of Human Services [FCS], Deanna Chase and Lana M. Hoda (Collectively State Defendants), to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). The State Defendants assert that Plaintiff Tanya Denise Stewart cannot obtain any relief against them, even if her allegations against these defendants are true. (Ct. R., Doc. 30, p. 1.) In addition, the State Defendants argue that they are entitled to immunity from suit under the Eleventh Amendment to the United States Constitution regarding any claim against these defendants brought pursuant to 42 U.S.C. § 1983; that the MDHS and FCS are not persons under section 1983, that the individual defendants, Chase and Hoda are immune from suit, and that the Court should dismiss the suit against these defendants based on the *Younger* abstention. (*Id.*, pp. 1-2.)

Plaintiff contends that MDHS gave her child to her mother, Johnnie Mae Perry, after receiving allegedly false information about Plaintiff's ability to parent the child. (Ct. R., Doc. 1,

p. 2.)  Plaintiff claims that her child was "abducted" by MDHS.  (*Id*., p. 3.)  She seeks a recovery of $15,000.00 in damages from the MDHS and FCS.  (*Id*.)

Discussion

In order to survive a motion to dismiss brought under Rule 12(b)(6), the plaintiff must provide the basis for her claims for relief with some factual specificity.  *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007).  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory of constitutional power to adjudicate the case."  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

I.      Eleventh Amendment Immunity

The State Defendants assert that the allegations in the complaint against them acting in their official capacities are claims made against the State of Mississippi, their employer.  (Ct. R., Doc. 31, p. 3.)  As such, the State Defendants assert that they are entitled to immunity under the Eleventh Amendment.  (*Id*.)

"[N]either a state nor its officials acting in their official capacities are 'persons" under § 1983."  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988).  The Eleventh Amendment provides immunity to a state against suits in federal court by a citizen of a state against the state or a state agency or department.  *Darlak v. Bobear*, 814 F.2d 1055, 1059 (5th Cir. 1987).  A claim for monetary damages may not be imposed against a state entity, whether it stems from federal or state law.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  State law claims brought in federal court against the state and its departments are precluded under the Eleventh Amendment.  *Richardson v. Southern Univ*., 118 F.3d 450, 453 (5th Cir. 1997).  In addition, suits against state officials for monetary damages are barred under

the Eleventh Amendment if the damages would be paid out of the state treasury. *Ford Motor Co. v. Department of Treasury of Ind.*, 323 U.S. 459, 464 (1945); *see Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 426-430 (1997). Any state agency that may be properly characterized as an arm of the state is covered by Eleventh Amendment immunity. *Porce v. St. Tammany Parish Sheriff's Office*, 67 F.2d 631, 632 (E.D. La. 1999).

If the MDHS and FCS are agencies or instrumentalities of the State of Mississippi, then no action can be maintained against these entities, and the individual defendants, Chase and Hoda, are immune from claims for monetary damages in their official capacity. *Leland v. Miss. State Bd. of Registration for Prof'l Eng'rs & Land Surveyors,* 841 F. Supp. 192, 195 (S.D. Miss. 1993), *aff'd* 35 F.3d 559 (5th Cir. 1994).

There are several factors which the Court must consider in determining whether an entity is legally a state agency, rather than just an agency which include: (1) whether state statutes and case law characterize the agency as an arm of the state; (2) the source of funds for the entity; (3) the degree of local autonomy the entity enjoys; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property. *Hudson v. City of New Orleans*, 174 F.3d 677, 681 (5th Cir. 1999).

The most important factor in determining an entity's status is whether a judgment against it would be paid from state funds. *Id*. In this case, Mississippi statutes provide that the costs of the administration of the MDHS are paid out of the State Treasury. MISS. CODE ANN. § 43-1-2. The MDHS is under the policy direction of the Governor. *Id*. MDHS has the capacity to sue and

may own property.  MISS. CODE ANN. §§ 43-13-121; 43-27-10.  The MDHS is considered a state agency.  *Mississippi Dept. of Humans Servs. v. Barnett*, 633 So.2d 430, 432 (Miss. 1993).

The FCS is created within the MDHS and is mandated to be formed at each level of the MDHS.  MISS. CODE ANN. §§ 43-1-51 and 43-1-53.  FCS has been found to be entitled to Eleventh Amendment immunity.  *C.A. v. Lowndes County Dept. of Family & Children Servs.*, 93 F.S.2d 744, 749 (N.D. Miss. 2000).

After considering all these factors, the Court concludes that Defendants MDHS and FCS are state agencies entitled to Eleventh Amendment immunity from suit in this action.  *See Leland*, 841 F. Supp. at 196; *King v. Mississippi Highway Patrol*, 827 F. Supp. 402, 403-404 (S.D. Miss. 1993).  This immunity covers state agencies and entities such as MDHS and FCS that properly may be characterized as arms of the state.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends not only to the states themselves, but also to state agencies and departments). Both the MDHS and FCS are arms of the State entitled to Eleventh Amendment immunity.  *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313 (5th Cir. 1999).  The Court further concludes that these entities should be dismissed from this suit.

II.     Individual Defendants

The individual defendants, Chase and Hoda, are sued in their official capacities.  These individuals were acting in their official capacities as employees of MDHS when they took custody of Plaintiff's child.  Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658, 690

n.55 (1978)).  Provided that the government entity receives notice and an opportunity to respond, an official capacity suit filed against individuals is actually not a suit against that individual, but against the governmental entity.  *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000); *Will*, 491 U.S. at 71.  Any suit against individual defendants acting in their official capacity for a state agency is treated as a suit against the state which, absent an exception to immunity, is barred by the Eleventh Amendment.  *See McCarthy ex rel. Travis v. Hawkins,* 381 F.3d 407, 412 (5th Cir. 2004).  Because Plaintiff named the agency which employed Chase and Hoda in her lawsuit, any claims for relief against these individuals acting in their official capacities are simply a reformulation of claims against MDHS.  The Court, therefore, concludes that because Plaintiff has failed to state a claim under section 1983 against MDHS and FCS, the defendants in their official capacities are entitled to the same defense. Accordingly, the motion to dismiss should also be granted with respect to Plaintiff's section 1983 claims against Chase and Hoda in their official capacities.

III.     Qualified Immunity

Public officials are entitled to assert the defense of qualified immunity in a section 1983 lawsuit for discretionary acts occurring in the course of their official duties.  *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982).  This is the immunity claimed by Chase and Hoda, and would bar suit against these defendants acting in their individual capacity.  (Ct. R., Doc. 31, pp. 6-8.)

Plaintiff asserts she was deprived of due process when her child was removed from her custody.  Plaintiff acknowledges that the child was removed under a court order.

Qualified immunity applies to suits against state officials for acts in the course of their duties that do "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).  Qualified immunity applies when either:  (1) the state official did not violate a clearly established right; or (2) it was objectively reasonable for the state official to believe that [s]he was not violating a clearly established right.  *See Colston v. Barnhart*, 130 F.3d 96, 99 (5th Cir. 2007); *Hunter v. Bryant*, 502 U.S. 224 (1991).  Although the Fifth Circuit has held that child care workers are entitled to qualified immunity in the performance of discretionary, nonprosecutorial functions, it is unclear in this case exactly what function these workers were performing at the time of the alleged deprivation of rights incident.  *See Doe v. Louisiana*, 2 F.3d 1412, 1416 (5th Cir. 1993).  In addition, the facts surrounding the allegations of the Complaint and subsequent events are sketchy, at best.

     The Court finds that because Plaintiff has not had an adequate opportunity to complete discovery on these issues which may be dispositive to her claims against these individuals and are likely to present genuine issues of material fact, granting a motion to dismiss would be inappropriate at this time.  The Court further concludes that the more prudent approach would be to deny the motion to dismiss, and permit the defendants to file a motion for summary judgment, based on their qualified immunity defense, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 56.

     For these reasons, the Court concludes that the MDHS and FCS are entitled to dismissal of all claims against them under section 1983 in this suit.  This finding also results in dismissal of all federal claims against Chase and Hoda sued in their official capacities.  *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  Finally, the Court finds that the motion to dismiss the claims

against Chase and Hoda in their individual capacities based on qualified immunity should be denied. These defendants are entitled to reurge this claim in a motion for summary judgment.

## Conclusion

The Court finds that State defendants' motion to dismiss [30] Plaintiff's claims against the MDHS, FCS, Chase and Hoda in their official capacities should be granted. The Court concludes that Plaintiff's claims against the State Defendants should be dismissed with prejudice. Finally, the Court finds that the motion to dismiss the claims against Chase and Hoda in their individual capacities based on qualified immunity should be denied. A separate Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue. Each party shall bear their respective costs relative to this motion.

DATED this the 24th day of October, 2008.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE