IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TANYA DENISE STEWART                                                                    PLAINTIFF

VERSUS                                                   CIVIL ACTION NO. 1:07cv1270WJG-JMR

JOHNNIE MAE PERRY, *et al.*                                                        DEFENDANTS

MEMORANDUM OPINION

THIS MATTER is before the Court on motion [36] of Defendant Singing River Hospital System, [Singing River], to dismiss this cause pursuant to Federal Rule of Civil Procedure 12(b)(6). Singing River asserts that as a community owned hospital system it is immune from suit at law or equity as a matter of law. (Ct. R., Doc. 37, p. 1.) In addition, Singing River contends that the threshold requirement under Mississippi law for filing suit against a community owned hospital is the filing of a notice of claim with the chief executive officer of the entity. (*Id*., p. 2., citing MISS. CODE ANN. § 11-46-13(1)).

According to the allegations of the Complaint, Plaintiff Tanya Denise Stewart gave birth to Brendon Francis Perry at Ocean Springs Hospital, part of the Singing River hospital system. (Ct. R., Doc. 1, p. 2.) Stewart contends that her civil rights were violated when the baby was taken from her by the Mississippi Department of Human Services following a complaint filed by Stewart's mother, Johnnie Mac Perry, that Stewart was using drugs and was therefore unfit to retain custody of her child. (*Id*.) Stewart seeks refund of her legal expenses and bail money paid by herself and the father of the child, George Peter Kelly, Jr. (*Id*., p. 3.) There is no record that

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TANYA DENISE STEWART                                                                    PLAINTIFF

VERSUS                                                   CIVIL ACTION NO. 1:07cv1270WJG-JMR

JOHNNIE MAE PERRY, *et al.*                                                        DEFENDANTS

MEMORANDUM OPINION

THIS MATTER is before the Court on motion [36] of Defendant Singing River Hospital System, [Singing River], to dismiss this cause pursuant to Federal Rule of Civil Procedure 12(b)(6). Singing River asserts that as a community owned hospital system it is immune from suit at law or equity as a matter of law. (Ct. R., Doc. 37, p. 1.) In addition, Singing River contends that the threshold requirement under Mississippi law for filing suit against a community owned hospital is the filing of a notice of claim with the chief executive officer of the entity. (*Id*., p. 2., citing MISS. CODE ANN. § 11-46-13(1)).

According to the allegations of the Complaint, Plaintiff Tanya Denise Stewart gave birth to Brendon Francis Perry at Ocean Springs Hospital, part of the Singing River hospital system. (Ct. R., Doc. 1, p. 2.) Stewart contends that her civil rights were violated when the baby was taken from her by the Mississippi Department of Human Services following a complaint filed by Stewart's mother, Johnnie Mac Perry, that Stewart was using drugs and was therefore unfit to retain custody of her child. (*Id*.) Stewart seeks refund of her legal expenses and bail money paid by herself and the father of the child, George Peter Kelly, Jr. (*Id*., p. 3.) There is no record that

notice of suit was provided to Singing River before this case was filed on December 20, 2007. (*Id.*)

## Standard of Review

Rule 12(b)(6) allows for dismissal of a cause of action if the plaintiff fails "to state a claim upon which relief may be granted." Dismissal is appropriate only when a claim has been stated adequately, however, it is not supported by showing any set of facts consistent with the allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The plaintiff's complaint is liberally construed in her favor, and all facts pleaded in the complaint are taken as true. *Buckley v. Fitzsimmons*, 509 U.S. 259, 261 (1993); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). The Court does not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991), *cert. denied*, 502 U.S. 1030 (1992).

## Discussion

The Mississippi Tort Claims Act [MTCA], MISSISSIPPI CODE ANNOTATED § 11-46-7(1), must be followed to advance claims against a governmental entity and/or its employees. The MTCA provides the exclusive civil remedy against a governmental entity or its employees for acts or omissions which give rise to a suit. *Moore v. Carroll County, Miss.*, 960 F. Supp. 1084, 1088 (N.D. Miss. 1997). The MTCA provides as follows:

> All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim . . . shall serve to toll the statute of limitations for a period of ninety-five (95) days . . . . The limitations period provided herein shall control and shall be exclusive in all actions subject to and brought under the provisions of this chapter, notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it, or

the provisions of any other statute of limitations which would otherwise govern the type of claim or legal theory if it were not subject to or brought under the provisions of this chapter.

MISS. CODE ANN. § 11-46-11(3).

A plaintiff must substantially comply with the notice of claim requirement within the statute. *Lattimore v. City of Laurel*, 735 So.2d 400, 403 (Miss. 1999). Singing River is a political subdivision as defined by the statute so that any state law claims asserted against Singing River are governed exclusively by the MTCA. MISS. CODE ANN. § 11-46-7(1). The statute provides as follows concerning the notice requirement:

> (1) After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity and, if the governmental entity is participating in a plan administered by the board pursuant to Section 11-46-7(3), such chief executive officer shall notify the board of any claims filed within five (5) days after the receipt thereof.
>
> (2) The notice of claim required by subsection (1) of this section shall be in writing, delivered in person or by registered or certified United States mail. Every notice of claim shall contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

MISS. CODE ANN. § 11-46-11.

The chief executive officer includes "any other person employed in an executive capacity by a board or commission who can be reasonably expected to notify the governmental entity of its potential liability. *Reaves ex rel. Rouse v. Randall*, 729 So.2d 1237, 1240 (Miss. 1998). The complaint in this suit was filed on December 20, 2007. (Compl., p. 1.) There is no evidence

before the Court that Stewart submitted such a notice to the hospital administrator or any executive officer of Singing River to notify the hospital of her claims against it. *See Thornburg v. Magnolia Reg. Health Ctr.*, 741 So.2d 220, 222 (Miss. 1999)  The Court, therefore, concludes that Stewart's failure to timely comply with the notice requirements of the MTCA bars any state law negligence claims brought against Singing River. *See McNair v. University of Miss. Med. Ctr.*, 742 So.2d 1078, 1080 (Miss. 1999).

It appears from the complaint that Stewart is asserting a claim under section 1983 against the hospital. (Ct. R., Doc. 1.)  The United States Supreme Court in *Felder v. Casey,* 487 U.S. 131, 140-41 (1988), held that state notice of claims statutes are not applicable to section 1983 actions brought in state courts. *McGehee v. DePoyster*, 708 So.2d 77, 81 (Miss. 1998).  To the extent that Singing River asserts that Stewart's claims under section 1983 should be dismissed for failure to comply in any manner with the notice or venue requirement under Mississippi statutes, the Court finds that the motion to dismiss should be denied.  This finding does not preclude a subsequent summary judgment motion on the merits of the section 1983 claims.  The Court further finds that Singing River's motion to dismiss Stewart's state law claims against the Defendant for failure to meet the statutory requirements of Mississippi Code Annotated § 11-46-11 should be granted.  *Henderson v. Un-Named Emergency Room, Madison County Med. Ctr.*, 758 So.2d 422, 427 (Miss. 2000).

## Conclusion

The Court finds that Defendant's motion to dismiss [36] Plaintiff's claims against Singing River should be granted in part and denied in part.  The Court concludes that Plaintiff's claims against Singing River under state law should be dismissed with prejudice.  The Court further

concludes the motion to dismiss Stewart's claims brought under section 1983 should be denied.

A separate Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue.  Each party shall bear their respective costs relative to this motion.

THIS the 14th day of January, 2009.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE