IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TANYA DENISE STEWART                                          PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 1:07cv1270WJG-JMR

JACKSON COUNTY, MISSISSIPPI;
*ET AL.*                                                      DEFENDANTS

MEMORANDUM OPINION

THIS MATTER is before the Court on the motion [66] of Defendants Singing River Hospital Systems, Singing River Hospital, and Ocean Springs Hospital, [collectively Singing River], to dismiss or, in the alternative, for summary judgment, pursuant to Federal Rules of Civil Procedure 56. Singing River asserts that this suit against it in its individual capacity should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because Tanya Denise Stewart has failed to state a claim upon which relief may be granted. (Ct. R., Doc. 66, p. 3.) Alternatively, Singing River maintains it should be granted summary judgment because there exist no material facts in dispute. (*Id.*)

Singing River is a community-owned hospital system comprised of two hospital systems: Singing River Hospital in Pascagoula, Mississippi, and Ocean Springs Hospital in Ocean Springs, Mississippi, both of which are named Defendants in this suit. (Ct. R., Doc. 66, p. 1.) Singing River is also a political subdivision of the State of Mississippi as defined by MISSISSIPPI CODE, ANNOTATED, § 41-13-10 (2009). As a local community hospital, Singing River is amenable to suit under section 1983. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978); *Martin*

*v. Memorial Hosp. at Gulfport*, 881 F. Supp. 1087, 1096 (S.D. Miss. 1995), *rev'd on other grounds*, 86 F.3d 1391 (5th Cir. 1996), *aff'd*, 130 F.3d 1143 (1997).

Stewart alleges that Singing River deprived her of due process by removing her son, Brendon Francis Perry [Brendon], from her custody and conspired to kidnap the infant in violation of 42 U.S.C. § 1983. (Ct. R., Doc. 1, p. 1.) Stewart's complaint also references her interaction with a security guard at Ocean Springs Hospital who told her if she were to "act up," he would have to "tell the judge." (*Id.*, p. 2.) Stewart does not, however, provide any further details about the security guard, nor does she explain how the interaction violated any of her civil rights.

Stewart gave birth to Brendon on November 29, 2006, at Ocean Springs Hospital, in Ocean Springs, Mississippi. (*Id*, p. 2. ) Brendon was given a blood test shortly after his birth which showed traces of cocaine in his system. (Ct. R., Doc. 56, Exh. A and its Exh. 1.) As a result, Dr. Gregory Horn of Ocean Springs Hospital reported the test results to the Harrison County Department of Human Services [DHS]. (Ct. R., Doc. 66, p. 2.) DHS took action by removing the child from Stewart's custody and placing the child in the temporary custody of Johnnie Mae Perry, Stewart's mother. (*Id.*)

<u>Standard of Review</u>

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowery v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "Although [the Court] must accept as true the well-pleaded allegations of a complaint" on a motion to dismiss "for failure to

state a claim, [the Court may] not accept as true conclusionary allegations in the complaint." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). A district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957); *accord Blackburn v. Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). In addition, the Court is not permitted to look beyond the pleadings in the course of ruling on a motion to dismiss. *See Baker*, 75 F.3d at 196. If, however, the party asserting a Rule 12(b)(6) motion presents matters outside the pleading which the district court takes into consideration in rendering its ruling, the motion is treated as a motion for summary judgment. *Morin v. Caire*, 77 F.3d 116, 123 (5th Cir. 1996); FED. R. CIV. P. 12(b).

## Discussion

Singing River maintains that the only allegation advanced by Stewart against Singing River concerns statements that were made by an Ocean Springs Hospital security guard who escorted Stewart from the hospital when she was discharged. (Ct. R., Doc 66, p. 2.) Singing River acknowledges that this allegation can be construed as advancing a claim under 42 U.S.C. § 1983, but maintains that Stewart fails to identify a specific constitutional right which was violated by the actions of the Ocean Springs Hospital security guard. (*Id.*, pp. 2-3.) Singing River relies on case law which explains that 42 U.S.C. § 1983 "is not itself a source of substantive rights," and only offers "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 (1979). Before liability can be imposed under 42 U.S.C. § 1983, a specific constitutional violation must be identified. *Id.* at 140.

It is Singing River's position that Stewart was not "detained, interrogated nor harassed in any manner" by the security guard, and therefore no identifiable civil right was violated by Singing River or its employees. (Ct. R., Doc. 66, p. 3.) The Court notes that Stewart fails to present any evidence to affirm the statements made by the security guard. Even if the Court accepts Stewart's entire complaint as true, she has failed to state any governmental action or a nexus between the Defendant's alleged conduct and governmental action. Without such governmental action, Stewart's complaint fails to state a claim upon which relief can be granted for her constitutional claims under section 1983. *See Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988) (noting that a violation of the Fourteenth Amendment right to equal protection "occurs only when the government treats someone differently than others similarly situated").

Singing River asserts that Stewart only advances one claim that could possibly constitute a constitutional violation, that being the remarks made by the security guard. (Ct. R., Doc. 66, p. 1.) Even though Stewart's *pro se* pleadings lack specificity, the Court liberally construing her pleadings and legal arguments finds that she has advanced a due process claim against Singing River. *See Haines v. Kerner*, 404 U.S. 519, 521 (1978); *Securities & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993). The Court will interpret this claim as a violation of the Plaintiff's procedural and substantive due process rights.

In order to survive a motion to dismiss brought under Rule 12(b)(6), Stewart must provide the basis for her claims for relief with some factual specificity. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002); FED. R. CIV. P. 8(a). Pursuant to Rule 8(a), a complaint

must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . . " FED. R. CIV. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz,* 534 U.S. at 512.  "[T]he liberal pleading standard . . . [however,] applies only to a plaintiff's factual allegations." *Neitze v. Williams,* 490 U.S. 319, 330 n.9 (1989).

I. <u>Procedural Due Process</u>

Under the Fourteenth Amendment's Due Process Clause, parents are guaranteed a right to a fair process or hearing before their children are removed from their custody.  *Morris v. Dearborne*, 181, F.3d 657, 675 (5th Cir. 1999) (citing *Santosky v. Kramer*, 455 U.S. 745, 753-4 (1982)).  Procedural due process requires the government to follow requisite procedures when depriving any person of "life, liberty, or property. . . ." *Dearborne*, 181 F.3d at 675 (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)).  Additionally, to protect the child, the state is authorized to temporarily remove a child from the custody of the parents for a reasonable period of time during an investigation of reported abuse.  *Dearborne*, 181 F.3d at 672.  Social workers retain the power to seize a child if "exigent circumstances" exist; if they "have reason to believe that life or limb is in immediate jeopardy," they need not obtain a court order.  *Roe v. Texas Dept. of Protective & Regulatory Services*, 299 F.3d 395, 407 (5th Cir. 2002).

Stewart gave birth to her son on November 29, 2006.  (Ct. R., Doc. 1, p. 1.)  On December 1, 2006, the child was removed from Stewart by DHS.  (*Id.*, p. 2.)  Four days later, on December 5, 2006, Stewart was granted a custody hearing in the Harrison County Youth Court to determine Brendon's placement.  (Ct. R., Doc. 55-2.)  The Court finds that because Stewart was granted a post-deprivation hearing within four days after her son was removed from her custody,

her procedural due process rights were not violated. In addition, the DHS had reason to believe that Brendon's life was in jeopardy as evidenced by the positive test for narcotics in his bloodstream. The Court therefore finds that Singing River's motion to dismiss any claim advanced against it under procedural due process should be granted.

II.     Substantive Due Process

The substantive component of the Fourteenth Amendment's Due Process Clause protects individuals from governmental action that infringes on individual freedom and rights. *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1528 (5th Cir. 1993). The substantive due process liberty interest of the familial relationship is nebulous in nature, and it is therefore difficult to determine when this right has been violated. *Doe v. State*, 2 F.3d 1418 (5th Cir. 1993). In order for a plaintiff to show that a certain constitutional right has been violated, the specific constitutional right must be identifiable so that a reasonable government official would be aware that they were violating that right. *Doe*, 2 F,3d at 1412. Stewart lacks the evidence to support her claim that the Defendants' actions violated her right to substantive due process, because she has not shown that Singing River should have known that any conduct violated the nebulous right of family integrity. As a matter of law, Singing River did not violate a constitutional right that was clearly established at the time of the alleged conduct.

As mentioned above, Stewart claims her rights were violated when the security guard at Ocean Springs Hospital made the comment about the judge. Government entities cannot be held liable under section 1983 for merely employing a tortfeasor. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 121 (1992). "[M]unicipalities may not be held liable 'unless action pursuant

to official municipal policy of some nature caused a constitutional tort.' " *Id*. (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978)).

The Court finds that Singing River cannot be held responsible for the actions of the security guard, who is simply an employee of Ocean Springs Hospital. Although Stewart does not specifically claim that the security guard threatened or intimidated her in the complaint, the Court finds such threats would be the most logical basis for alleging a violation of Stewart's constitutional rights. Stewart fails, however, to substantiate any claim with concrete evidence. Her claim is unsupported and lacking in pertinent facts. Accordingly, the Court finds that Singing River's motion to dismiss any claims under section 1983 related to the actions of the security guard should be granted.

The Court also interprets Stewart's complaint to allege that Singing River acted arbitrarily in reporting the suspected child abuse to the DHS, and that Singing River had no basis in fact to report Brendon's drug test to DHS which ultimately resulted in DHS removing Brendon from her custody. Under Mississippi law, "[a]ny. . . physician . . . resident, [or] nurse . . . having reasonable cause to suspect that a child is a neglected child or an abused child, shall cause an oral report to be made immediately by telephone or otherwise and followed as soon thereafter as possible by a report in writing to the Department of Human Services . . .." MISS. CODE ANN. § 43-21-353 (2009).

> "Although constitutionally protected, the rights to family integrity and to be free of conscience-shocking governmental action are not absolute or unqualified. States can adopt necessary policies to protect the health, safety, and welfare of children. Where a parent has mistreated a child, the state may intervene to protect the child, including, when necessary, separating the child from the parents or even permanently terminating the parent-child relationship."

*Dearborne*, 181 F.3d at 669. Singing River is, therefore, obligated to report suspected child abuse to DHS and did so as evidenced by the report dated November 29, 2006, following the blood test administered to Brendon.

Although Stewart fails to acknowledge her addiction to drugs, her history of drug use and Brendon's positive test results for cocaine are documented in the November 29, 2006, report by Ocean Springs Hospital. (Ct. R., Doc. 1, p. 2; Doc. 55-2, p. 4.) Because Brendon tested positively for cocaine at the time of his birth, the Court finds that Singing River had a legal duty to report the suspected abuse to the DHS which ultimately resulted in the removal of Brendon from Stewart's custody in order to protect his health, safety, and welfare. Accordingly, the Court finds that Singing River did not violate Stewart's constitutional substantive due process rights, and that the motion to dismiss Stewart's claims against these Defendants under section 1983 should be granted.

## Conclusion

The Court finds that Defendant's motion [66] for summary judgment should be granted. The Court further finds that any claims advanced against Singing River under 42 U.S.C. § 1983 as a result of this incident should be dismissed with prejudice. A separate Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue. Each party shall bear their respective costs.

THIS the 8th day of September, 2009.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE