IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


TANYA DENISE STEWART                                                    PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 1:07cv1270WJG-JMR

JACKSON COUNTY, MISSISSIPPI;
*ET AL.*                                                                    DEFENDANTS


MEMORANDUM OPINION


THIS MATTER is before the Court on the motion [55] of Defendants Deanna Chase and

Lana M. Hoda for summary judgment pursuant to Rule 56 of the Federal Rules of Civil

Procedure. Chase and Hoda assert that suit against them in their individual capacities should be

dismissed on summary judgment because they are entitled to qualified immunity. (Ct. R., Doc.

56, p. 3.) The Plaintiff, Tanya Denise Stewart, alleges that Chase and Hoda deprived her of due

process by removing her son from her custody and conspired to kidnap the infant in violation of

42 U.S.C. § 1983. (Ct. R., Doc. 1, p. 1.)

Stewart gave birth on November 29, 2006, to Brendon Francis Perry, [Brendon], at Ocean

Springs Hospital, in Ocean Springs, Mississippi. (*Id*, p. 2.) Brendon was given a blood test

shortly after his birth which showed traces of cocaine in his system. (Ct. R., Doc. 55, Exh. A and

its Exh. 1.) As a result, an Ocean Springs Hospital employee reported child neglect to the

Harrison County Department of Human Services [DHS]. (*Id*.) Hoda, an area social work

supervisor with DHS, averred that following a report that Brendon had tested positive for

cocaine, Chase, a family protection worker, went to the hospital to investigate on December 1,

2006.  (Ct. R., Doc. 55-2, pp. 1-2.)  Chase called Hoda to confirm that the infant tested positive

for cocaine, and Hoda instructed Chase to remove Brendon from Stewart's custody and bring

Brendon to the Harrison County Youth Court shelter.  (*Id.*, p. 2.)

Hoda averred that she is familiar with Mississippi Code Annotated § 43-12-303, which

gives DHS employees the authority to take a child into custody without a court order if the

employee has probable cause to believe that the child is in immediate danger of personal harm

and there is no reasonable alternative to custody.  (*Id.*)  Hoda stated she determined that the

requirements outlined in the statute were met in this case before instructing Chase to remove

Brendon from Stewart's custody.  (*Id.*)

On December 5, 2006, Youth Court Judge Michael H. Ward ordered DHS to take

temporary custody of Brendon.  (*Id.*, pp. 2, 5-6.)  Stewart, her attorneys Cecil Woods and James

Steele, a guardian *ad litem* for Brendon, two intake counselors, Chase, and Johnnie Perry, the

maternal grandmother, were present at the hearing.  (*Id.*, p. 5.)  The Court awarded DHS

temporary custody of the child, and ordered DHS to make reasonable efforts toward reunification

of the family.  (*Id.*, pp. 5-6.)  A plea hearing was set for December 18, 2006, and a trial and

disposition hearing tentatively set for January 2, 2007.  (*Id.*, p. 6.)

Stewart asserts that she was deprived of her right to Brendon's custody without due

process of law.  (Ct. R., Doc. 1.)  Chase and Hoda maintain that their actions did not violate a

clearly established constitutional right and were objectively reasonable under the circumstances,

thus qualifying a grant of the summary judgment motion on both substantive and procedural due

process claims, based on the doctrine of qualified immunity.  (Ct. R., Doc. 56, pp. 5, 8.)

Chase and Hoda assert that Stewart must allege that she was deprived of a constitutionally protected liberty or property interest in order to succeed on her due process claim.  (*Id*., p. 8.)  Chase and Hoda contend that as child protective services employees who temporarily removed a child from his mother's custody based on an independent report from the hospital, they did not violate a clearly established right held by Stewart.  (*Id*., pp. 10-11.)  The Defendants contend that Stewart cannot rebut their qualified immunity defense.  (*Id*., p. 11.)  Even if Stewart could rebut the defense, the Defendants argue that Chase's conduct was objectively reasonable.  (*Id*., p. 12.)   According to Chase and Hoda, exigent circumstances existed in that they had reasonable cause to believe that Brendon was in imminent danger of physical abuse.  (*Id*., p. 14.)   Under the circumstances, State law allowed the Defendants to take custody of Brendon without a court order.  (*Id*.)  A hearing was held four days later and Stewart was allowed to present her objections to the temporary custody arrangement.  (*Id*., Exhs. A & B.)  Considering the available information – that the infant's blood tests conducted by independent medical professionals yielded a positive result for cocaine – all reasonable officials in either Chase's or Hoda's position would not have perceived that removing the child from Stewart's custody would constitute a violation of Stewart's substantive due process rights, according to the Defendants.  (*Id*., p. 13.)

Stewart contends that Chase and Hoda are not entitled to immunity because "false facts" were presented in removing Brendon from the hospital.  (Ct. R., Doc. 57, p. 3.)  She contends that because Ocean Springs Hospital is in Jackson County, jurisdiction was lacking on the part of Hoda and Chase.  (*Id*.)  Stewart also claims that Chase told her she had a judge's verbal order to remove Brendon from her custody when the facts submitted in support of the Defendants'

summary judgment motion indicate otherwise. (*Id.*, p. 4.) Stewart contends that the Defendants did not have probable cause for removing her child from her custody. (*Id.*, p. 5.) She further claims that the report of suspected neglect was untrue in that her child's name is wrong; there is no evidence listed; she never admitted to using drugs or having been in rehabilitation; and she claims that the form was completed hours before she gave birth to her son. (*Id.*, pp. 7-9.)

Standard of Review

When considering a motion for summary judgment, the Court reviews the facts in the light most favorable to the non-moving party in a motion for summary judgment. *Calbillo v. Cavender Oldsmobile, Inc.*, 228 F.3d 721, 725 (5th Cir. 2002). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191 (5th Cir. 2007). Although "the complaint is construed in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor . . . 'we may not rely upon conclusional allegations or legal conclusions disguised as factual allegations'." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (quoting *Jeanmarie v. United States*, 242 F.3d 600, 602-03 (5th Cir. 2001)).

Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States. *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994). Chase and Hoda assert that they are entitled to the defense of qualified immunity which shields public officials from civil liability if their conduct did not violate clearly established constitutional rights of which a reasonable person

would have known.  *Glenn v. City of Tyler*, 242 F.3d 307, 312-13 (5th Cir. 2001).  Child

protective services employees such as Chase and Hoda "are entitled to qualified immunity in the

performance of discretionary, nonprosecutorial functions."  *Doe v. Louisiana*, 2 F.3d 1412, 1416

(5th Cir. 1993).  To establish qualified immunity as a defense, the defendant must demonstrate

that the alleged conduct occurred while she was acting in her official capacity.  *Beltran v. City of

El Paso*, 367 F.3d 299, 303 (5th Cir. 2004).  Child protection service workers who move children

into temporary custody without a court order are entitled to qualified immunity for their actions

under Fifth Circuit law.  *Hodorowski v. Ray*, 844 F.2d 1210, 1217 (5th Cir. 1988).

The Court finds that both Chase and Hoda were acting in their official capacities and,

therefore, are entitled to the defense of qualified immunity.  Although Stewart alleges her due

process rights were violated, the Court finds that Stewart has not presented sufficient evidence to

demonstrate that her constitutional rights were violated, which is necessary to rebut Chase and

Hoda's affirmative defense.  Stewart has also failed to demonstrate that they acted unreasonably

in the removal of Brendon from Stewart's custody at the hospital, and therefore fails to

effectively show that qualified immunity does not apply to the case of Chase and Hoda.  In

addition, the Court finds that any pendant state law claims which may apply should be dismissed

without prejudice under 28 U.S.C. § 1367(3).

<u>Conclusion</u>

The Court finds that the Defendants' motion for summary judgment [55] against the

Plaintiff's section 1983 claims against Chase and Hoda should be granted.  In addition, any state

law claims advanced against these Defendants should be dismissed without prejudice.  A

separate Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue.  Each party shall bear their respective costs associated with this motion.

THIS the 8th day of September, 2009.


_Walter J. Gex III_
UNITED STATES SENIOR DISTRICT JUDGE