IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TANYA DENISE STEWART                                                            PLAINTIFF

VERSUS                                         CIVIL ACTION NO. 1:07cv1270-WJG-JMR

JACKSON COUNTY, *ET AL.*                                                      DEFENDANTS

MEMORANDUM OPINION

THIS MATTER is before the Court on motion [67] for summary judgment pursuant to Federal Rule of Civil Procedure 56 filed by the Defendants, the Harrison County Board of Supervisors, Harrison County Youth Court Judge Michael H. Ward, Harrison County Youth Court Prosecutor Herbert Wilson, and Harrison County Guardian Ad Litem Angelique White (collectively, Harrison County Defendants. According to the Harrison County Defendants, Plaintiff Tonya Denise Stewart contends in her suit that she was denied due process and that these Defendants conspired to abduct her newborn child, Brendon Francis Perry [Brendon]. (Ct. R., Doc. 69, p. 2.) According to the allegations in the Complaint, the Harrison County Defendants are liable because:

> Although Tanya Denise Stewart had no history of drug use, nor any police record, DHS of Harrison County believed the lies told by Johnnie Mae Perry. . . . Brendon Francis Perry has been, thus far, held for more than one year by Johnnie Mae Perry with the cooperation of DHS Harrison County. Johnnie Mae Perry told these falsehoods for the purpose of obtaining custody so she could get another government check. The baby was born in Jackson County at (Ocean Springs Hospital) yet DHS of Harrison County usurped jurisdiction.

(Ct. R., Doc. 1, p. 2.)

Brendon tested positive for cocaine when he was born on November 29, 2006. (Ct. R., Doc. 67-2, p. 1.) Deanna Chase was assigned to investigate the case for the Department of Human Services [DHS]. (*Id.*) After Chase confirmed the test results, she was told by her supervisor, Lana Hoda, to remove the child from Stewart's custody. (*Id.*) Under Mississippi Code Annotated 43-21-303, an agent of the department of public welfare may take a child into custody without a court order if there is probable cause to believe that the child is in immediate danger of personal harm and there is no reasonable alternative for custody. MISS. CODE ANN. § 43-21-303.

Stewart appeared at the Shelter Hearing held December 5, 2006, at the Youth Court. (Ct. R., Doc. 67-2, p. 5.) At that hearing Brendon was placed in the custody of the Harrison County DHS, with Stewart given visitation rights provided a negative drug screen on her behalf was received. (*Id.*, pp. 5-6.)

Wilson averred that the Youth Court had jurisdiction to hear all matters and enter all orders on Brendon's behalf. (Ct. R., Doc. 68, p. 1.) Wilson outlined the progress of the custody case, and noted that Stewart received notice of all hearings and either personally appeared, was represented by her attorneys, or was absent during the adjudication of the matter of Brendon's custody. (*Id.*, p. 2.) Wilson further noted that Angelique White, as guardian ad litem for Brendon, was present at the hearing in which Brendon was adjudicated to be a neglected child. (*Id.*)

Stewart's parental rights were terminated by court order on January 20, 2009. (*Id.*, Exh. D.) That order specifies that Stewart had been served with process to notify her of the termination proceedings. (*Id.*, Doc. 68-2, p. 12.)

In her response, Stewart denies that she received notice of the Youth Court proceedings and makes no specific allegations regarding the Harrison County Board of Supervisors or White. (Ct. R., Doc. 70.)

Discussion

A grant of summary judgment is appropriate when, viewed in the light most favorable to the nonmoving party "[t]he pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . . ." FED. R. CIV. P. 56(c). In determining whether there are any genuine issues of material fact, this Court must first turn to the applicable law to discern, what factual issues are, indeed, material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must also determine "if the dispute about a material fact is `genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The Court must view the evidence submitted by the parties in the light most favorable to the nonmoving party. *Stotter v. University of Tex.*, 508 F.3d 812, 820 (5th Cir. 2007).

The moving party bears the initial burden of establishing the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). Once the burden of the moving party is discharged, the burden shifts to the nonmoving party to go beyond the pleadings and show that summary judgment is inappropriate. *Breen v. Texas A&M Univ.*, 485 F.3d 325, 331 (5th Cir. 2007).

I.  Claim for Kidnaping Charges

The portion of Stewart's complaint concerning any kidnaping charges allegedly brought against Stewart is no longer viable as those charges were dismissed. (Ct. R., Doc. 69, p. 3.) The

Court finds that the claim for relief seeking dismissal of the kidnaping charges brought against George Peter Kelly, Jr. and Stewart should be dismissed from the lawsuit as moot.

II.     Absolute Immunity

Absolute immunity confers full exemption from liability to certain officials including judges performing judicial acts within their jurisdiction, and prosecutors in the performance of their official functions. *Yaselli v. Goff*, 275 U.S. 503 (1927); *O'Neal v. Mississippi Bd. of Nursing*, 113 F.3d 62, 65 (5th Cir. 1997). Accordingly, Ward and Wilson have absolute immunity from suit in this case, and should be dismissed from this suit. In addition, White has absolute immunity from suits for monetary damages. *See* MISS. CODE ANN. § 11-46-9(1).

The Mississippi chancery courts have exclusive jurisdiction over child custody issues. *See* Miss. Const., Art. VI; MISS. CODE ANN. § 9-5-81. The Court finds that any claim in this lawsuit for a custody adjudication regarding Brendon should also be dismissed as outside the jurisdiction of this court.

III.    Harrison County Board of Supervisors

Stewart must "allege a violation of rights secured by the Constitution or laws of the United States and demonstrate that the alleged deprivation was committed by a person [or entity] acting under color of state law" to state a valid claim under section 1983. *Priester v. Lowndes County*, 354 F.3d 414, 421 (5th Cir. 2004), cert. denied 543 U.S. 829. An individual may be liable under section 1983 in their official and/or individual capacity. To establish liability against a person in their official capacity, Stewart must show that a governmental entity such as the Harrison County Board of Supervisors executes a policy or custom, either made by lawmakers, or those whose edicts or acts may fairly be said to represent official policy which results in a

constitutional injury to her. *Monell v. Department of Social Servs.*, 436 U.S. 658, 694 (1978). The enforcement of the policy or custom must be the moving force behind the violation of federally protected rights to impose municipal liability. *City of Canton v. Harris*, 489 U.S. 378, 385-91 (1989). In addition, qualified immunity shields government officials who have been sued in their individual capacities and who perform discretionary functions, provided certain standards are met. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The complaint in this case is construed as having sued all defendants in their official and individual capacities.

Stewart may establish the county's liability by showing that the challenged conduct is tied to an official county custom or policy, formal or informal. *Johnson v. Rodriguez*, 110 F.3d 299, 312 (5th Cir. 1997), *cert. denied* 522 U.S. 995. Stewart must identify the policy, connect the policy to the county itself, and show that the particular injury alleged in the complaint was incurred because of the execution of that policy. *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984), *cert. denied* 472 U.S. 1016 (1985). In other words, the municipality must be the moving force behind the injury alleged to establish liability of that entity in a section 1983 action. *Board of County Comm's of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997), *reh'g denied* 520 U.S. 1283.

Official policy may consist of a written policy statement or a widespread practice by officials and employees which, although not officially authorized in the form of a written policy, is so common and settled that it constitutes a custom which represents county policy. *See Doe on Behalf of Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (C.A.5 (Tex.),1998), *cert. denied* 531 U.S. 1073 (2001). An individual official's policy cannot create governmental liability unless the individual was delegated final policy making authority, beyond mere decision making or

discretionary authority. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). In this case, Stewart has not specified or set forth facts which establish that any policy or practice violated federal law; nor has she shown that any Defendant was aware of a failure to conform with established policies.

Drawing from the allegations in Stewart's Complaint, Stewart also attempts to establish liability based on allegations of a conspiracy between the Defendants. (Compl., p. 1.) Mere allegations of a conspiracy are insufficient to state a claim for such under section 1983. *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). Although Stewart attempts to clarify her claim in her responses to the motion for summary judgment, the information in the response is not sufficient to state a claim for conspiracy. Accordingly, the Court concludes that the motion for summary judgment on claims brought under section 1983 against these Defendants' in their official capacities should be granted.

A supervisor may be held liable if there is personal involvement in a constitutional deprivation, a causal connection between the supervisor's wrongful conduct and a constitutional deprivation, or, if a supervisory official implements a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. *Thompkins v. Belt*, 828 F.2d 298, 303-4 (5th Cir. 1987). Liability based on the doctrines of *respondeat superior* and vicarious liability are not applicable in suits brought under section 1983. *Williams v. Luna*, 909 F.2d 121 (5th Cir. 1990); *Pierce v. Texas Dep't. of Criminal Justice*, 37 F.3d 1146, 1150 (5th Cir. 1994), *cert. denied* 514 U.S. 1107 (1995). A supervisory official may only be liable in his individual capacity if he actively participated in the constitutional deprivation, or, if the official is a policy-making official, he implements a policy that causes the

plaintiff's injury. *Thompkins*, 828 F.2d at 303-4. A failure to supervise claim only results in liability under section 1983 when knowledge of a violation is imputed to the supervisory official and his subsequent failure to prevent the action, or when there has been a history of widespread abuse. *See Wood v. Strickland*, 420 U.S. 308, 322 (1975). The Complaint contains no evidence of this type of conduct in the instant suit. The Court, therefore, concludes that the motion for summary judgment against the Harrison County Board of Supervisors individual capacities should be granted as well.

## Conclusion

The Court finds that the Harrison County Defendants' motion [67] for summary judgment for claims advanced against these Defendants should be granted. The Court concludes that Plaintiff's claims against these Defendants should be dismissed with prejudice. A separate Summary Judgment in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue. Each party shall bear their respective costs associated with this motion.

THIS the 16th day of September, 2009.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE